894 F.2d 409
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 John BADEA, Plaintiff-Appellant,
v.
John MORAN; Gordon F. Yach; Joseph Evers; and John Doe,
Defendants-Appellees.
 No. 88-15511.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 18, 1989.*
Resubmitted Oct. 5, 1989.
Decided Jan. 22, 1990.
 Before SCHROEDER, PREGERSON and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 ORDER**
 
 
 2
 Appellant John Badea alleges in his affidavit responding to appellees' counter-motion for summary judgment that Dr. Crowley threatened to put him in solitary confinement if Badea complained about his dental condition. A pretrial detainee's Fourteenth Amendment due process rights are at least as great as a convicted prisoner's Eighth Amendment rights. Maddox v. City of Los Angeles, 792 F.2d 1408, 1415 (9th Cir.1986). Prison officials violate a prisoner's Eighth Amendment rights when they exhibit "deliberate indifference" to the prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Our circuit has held that deliberate indifference is shown if prisoners are unable to make their medical problems known to the medical staff. Hoptowitt v. Ray, 682 F.2d 1237, 1253 (9th Cir.1982).
 
 
 3
 Here, Badea has raised in his affidavit an issue of fact as to whether Dr. Crowley threatened him. We cannot dismiss Badea's allegation as inherently incredible. Accordingly, the summary judgment is VACATED and the case REMANDED to the district court for further proceedings.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3