TARYN E.F., a minor by her Guardian ad Litem, William A. Grunewald, Dan F. and Dawn F., Plaintiffs-Appellants,

v.

JOSHUA M.C., a minor by his Guardian ad Litem to be appointed by the court, Michael C. and Beverly C., Defendants,

LITTLE BLACK MUTUAL INSURANCE COMPANY, Defendant-Respondent.

Court of Appeals

*No. 92–3204. Submitted on briefs July 19, 1993.—Decided August 3, 1993.*

(Also reported in 505 N.W.2d 418.)

For the plaintiffs-appellants the cause was submitted on the briefs of *William A. Grunewald* of *Nikolay, Jensen, Scott, Gamoke & Grunewald, S.C.*, of Medford.

For the defendant-respondent the cause was submitted on the brief of *Margaret J. Vergeront* of *La Follette & Sinykin* of Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J.   Taryn, Dawn and Dan F. (collectively, "Taryn") appeal the trial court's grant of summary

judgment to Little Black Mutual Insurance Company, the homeowner's insurer of Joshua, Michael and Beverly C. Taryn contends that the trial court erred by concluding that Little Black had no duty to defend and indemnify Michael and Beverly for liability imposed upon them under sec. 895.035, Stats., for the torts of their son Joshua. Taryn claims that because Michael and Beverly are innocent insureds who did not participate or encourage Joshua's acts, they are entitled to coverage despite the fact that coverage is precluded for Joshua, who is also an insured. She argues that Michael and Beverly have a separate insurance policy that provides coverage to them by virtue of the policy's severability clause. She further argues that the sexual molestation exclusion does not preclude coverage for Michael and Beverly's liability under sec. 895.035, Stats., because their liability under that statute is attributable to their status as parents and not necessarily to Joshua's acts of sexual molestation. Because we conclude that the exclusionary clauses unambiguously preclude coverage for Michael and Beverly's liability for Joshua's tortious acts, the summary judgment is affirmed.

The facts are undisputed. In June and October 1990, Taryn's parents hired Joshua, who was then twelve years old, to babysit for three-year-old Taryn and her brother. On both occasions, Joshua committed various sexual assaults and physical batteries to Taryn. Taryn's parents filed a complaint against Joshua and his parents, seeking damages for Joshua's torts under sec. 895.035, Stats. The complaint was later amended to include Michael and Beverly's homeowner's insurance carrier, Little Black. The complaint alleged that Joshua's acts were intentional, willful, malicious and wanton. Little Black moved the trial

court for summary judgment dismissing it from the action, based upon its contentions that coverage is precluded by exclusions in its policy for liability resulting from any insured's intentional, wanton malicious acts and for liability directly or indirectly resulting from sexual molestation. The trial court found that (1) Joshua is an insured within the policy's definition, (2) his acts as alleged by the complaint fall within the intentional acts and sexual molestation exclusions, (3) the policy language is unambiguous, (4) Michael and Beverly are innocent insureds and (5) the exclusions in the policy preclude coverage for "any insured," which avoids the severability of interests issue found in *Northwestern Nat'l Ins. Co. v. Nemetz*, 135 Wis. 2d 245, 400 N.W.2d 33 (Ct. App. 1986). Based on these findings, the court concluded that Little Black had no duty to indemnify or defend Beverly and Michael for liability they incurred for Joshua's acts under sec. 895.035.

Summary judgment is appropriate because the facts are undisputed. Section 802.08(2), Stats. When reviewing a grant of summary judgment, we apply the same methodology as the trial court. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 314–15, 401 N.W.2d 816, 820 (1987). Because that methodology is familiar, we need not repeat it here. *See id.*

Interpretation of an insurance policy is a question of law. *Keane v. Auto-Owners Ins. Co.*, 159 Wis. 2d 539, 547, 464 N.W.2d 830, 833 (1991). We may not modify an insurance policy's unambiguous language. *Schroeder v. Blue Cross & Blue Shield*, 153 Wis. 2d 165, 173, 450 N.W.2d 470, 473 (Ct. App. 1989). A policy's language is ambiguous when it is susceptible to more than one reasonable interpretation and whether a policy's

language is ambiguous is a question of law. *Id.* at 174, 450 N.W.2d at 473. We review questions of law independently of the trial court's determinations. *Ball v. District No. 4 Area Bd.*, 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).

Little Black's policy defines "insured" as "*you* and, if residents of *your* household, *your* relatives and any other person under the age of 21 in *your* care or in the care of *your* resident relatives." (Emphasis in original.) Thus, under the unambiguous language of the policy, Joshua, as well as Michael and Beverly, is an insured. The policy also contains the following coverage exclusions:

### INTENTIONAL ACT EXCLUSION

. . . .

The insurance afforded by this policy shall not apply to any damages to property or for bodily injury attributable to a willful, malicious, wanton or otherwise intentional act of the **"insured"** or performed at an **"insured's"** direction or for any outrageous conduct on the part of any **"insured"** consisting of any intentional, wanton, malicious acts, or, in addition, any act that would constitute wanton disregard for the rights of others.

. . . .

### Sexual Molestation Exclusion

This policy does not apply to liability which results directly or indirectly from the actual, alleged or threatened sexual molestation of a person.

Taryn does not dispute that the exclusions preclude coverage for Joshua himself. However, Taryn argues that Michael, Beverly and Joshua each have a separate policy of insurance by virtue of the following provision in the policy: "Each person listed above is a

723

separate *insured* under this policy, but this does not increase *our* limit of liability under this policy." (Emphasis in original.) Thus, Taryn argues, because Michael and Beverly did not commit or encourage Joshua's commission of the excluded acts, they are entitled to coverage for their liability under sec. 895.035, Stats., under their separate policy. Taryn's argument hinges on her conclusion that the policy becomes ambiguous when this "severability clause" is read in conjunction with the exclusionary clauses. She cites our decision in *Nemetz*, 135 Wis. 2d 245, 400 N.W.2d 33, in support of her conclusion. We disagree.

Assuming, without deciding, that the severability clause creates separate policies for each insured, that clause does not render the exclusionary clauses in the policy ambiguous. The intentional acts exclusion expressly states that "[t]he insurance afforded by this policy shall not apply to *any damages . . . attributable to . . .* any outrageous conduct on the part of *any* **'insured'** consisting of any intentional, wanton, malicious acts . . . ." (Emphasis supplied.) This language unambiguously denies coverage for all liability incurred by each and any insured as a result of certain conduct by any of the persons insured by the policy.

In contrast, the policies in *Nemetz*, 135 Wis. 2d at 253–54 n.2, 400 N.W.2d at 37 n.2, excluded coverage for damages "expected or intended by *an* insured person" and damages "intended or expected by *the* insured." We noted in *Nemetz* that by using the terms "*an* insured," and "*the* insured" in their exclusionary provisions, the insurers failed to adequately draft the policy to exclude coverage for both insureds based on the excludable acts of one insured. *Id.* at 256, 400 N.W.2d at 38. Thus, we held that the exclusionary clauses precluded coverage for the insured who com-

mitted the excludable acts, but not for the innocent insured. *Id.* Here, the exclusionary clause precludes coverage under the policy based on the excludable acts of *any* insured. Even when read with the severability clause, this exclusion unambiguously operates to preclude coverage to all insureds for liability attributable to the excludable acts of any one of the insureds. Unlike the insurers in *Nemetz*, Little Black drafted its policy more carefully to exclude this risk.

Taryn argues that "[t]here is no logical or grammatical difference between 'an' and 'any'." We disagree. "An" is an indefinite article used before nouns beginning with a vowel or, sometimes, a soft consonant (e.g. an herb) instead of the related indefinite article "a." WEBSTER'S THIRD NEW INT'L DICTIONARY 75 (Unabr. 1976). "A" is "used as a function word before most singular nouns [or] to suggest limitation in number . . . ."[1] WEBSTER'S THIRD NEW INT'L DICTIONARY at 1. "The articles (*a, an, the*) may be classed as adjectives because they possess limiting or specifying functions." HARRY SHAW, ERRORS IN ENGLISH AND WAYS TO CORRECT THEM, 277 (1970). "Any" is defined as "one indifferently out of more than two: one or some indiscriminately of whatever kind . . . one, no matter what one: EVERY — used as a function word esp. in assertions and denials to indicate one that is selected without restriction or limitation of choice . . . ." WEBSTER'S THIRD NEW INT'L DICTIONARY at 97. Thus, the distinction between "an" and "any" is that the former refers to one object (an oak

---

[1] In fact, this is how we interpreted "an" in *Nemetz* to arrive at the conclusion that the exclusionary clause in that case precluded coverage only to the particular insured who committed the excludable acts, and not the other insured. *Id.* at 256, 400 N.W.2d at 38.

tree) and the latter refers to one or more objects of a certain type (any person).

Additionally, other jurisdictions have recognized this distinction between the terms "an" and "any" when used as descriptors in an insurance policy. The Colorado Supreme Court in *Chacon v. American Family Mut. Ins. Co.*, 788 P.2d 748, 750 (1990), was faced with a clause excluding coverage for damage "expected or intended by *any* insured." (Emphasis added.) The court distinguished this policy from policies referring to the actions of *the* insured, noting that "[t]he majority of courts which have considered this issue have held that unlike the phrase 'the insured,' the phrase 'any insured' unambiguously expresses a contractual intent to create joint obligations and to prohibit recovery by an innocent co-insured." *Id.* at 751 (citation and quotation omitted). The court declined to follow the minority of jurisdictions holding that "any insured" denies coverage only to the culpable party in favor of "consider[ing] and giv[ing] effect to all the policy provisions and recogniz[ing] that an insurance policy is a contract between the parties which should be enforced in a manner consistent with the intentions expressed therein." *Id.* at 752. Indeed, one jurisdiction that reached the opposite result acknowledged that its interpretation rendered the word "any" superfluous. *Worcester Mut. Ins. Co. v. Marnell*, 496 N.E.2d 158, 161 (Mass. 1986).

Other jurisdictions have denied recovery to the innocent co-insured where the exclusionary clause refers to acts of "any insured," noting that the phrase has been consistently interpreted as unambiguously expressing a contractual intent to create joint obligations and preclude recovery to innocent co-insureds.

726

*See, e.g., McCauley Enterprises v. New Hampshire Ins. Co.*, 716 F.Supp. 718 (D. Conn. 1989); *Travelers Ins. Co. v. Blanchard*, 431 So.2d 913 (La. Ct. App. 1983); *State Farm Fire & Cas. Co. v. Wolford*, 498 N.Y.S.2d 631 (1986); *Sales v. State Farm Fire & Cas. Co.*, 849 F.2d 1383 (11th Cir. 1988). We find the reasoning in these cases persuasive and conclude that the term "any insured" unambiguously precludes coverage to all persons covered by the policy if any one of them engages in excludable conduct.

■

Taryn next argues that the sexual molestation clause does not preclude coverage for Joshua's acts because Michael and Beverly's liability under sec. 895.035, Stats., is not liability that "results directly or indirectly from the actual, alleged or threatened sexual molestation of a person" because the liability is imposed by statute. We reject this argument as unconvincing. Michael and Beverly's statutory liability under sec. 895.035 is a direct result of their minor son's tortious acts, including his acts of sexual molestation. The fact that financial responsibility is created by statute based on Michael and Beverly's status as parents does not change the basis for liability, which is the damages resulting from Joshua's sexual molestations of Taryn. Under this insurance contract, coverage for liability resulting from Joshua's acts is precluded because the contract expressly denies coverage (1) if *any* insured engages in intentional, wanton, malicious acts and (2) if liability directly *or indirectly* results from a sexual molestation. We therefore conclude that the policy excludes coverage for Michael and Beverly's liability resulting from Joshua's tortious acts perpetrated against Taryn.

727

*By the Court.*—Judgment affirmed.