**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**
Plaintiff–Appellant,

v.

**Christi COPELAND–WILLIAMS, William H. Soulsby and Yvonne L. Soulsby,**
Defendants–Respondents.

No. 70977.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 11, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 20, 1997.

Application to Transfer Denied
April 29, 1997.

Amelung, Wulff & Willenbrock, P.C., Robert J. Wulff, St. Louis, for Plaintiff-Appellant.

Cordell & Cordell, P.C., Darin D. Inglish, St. Louis, attorney for Soulsbys.

Craig E. Hellmann, Washington, attorney for Christi Copeland–Williams.

HOFF, Judge.

American Family Mutual Insurance Company (American Family) motioned the trial court for summary judgment after filing a petition for declaratory judgment to determine its duties to Yvonne and William Soulsby who sought defense and indemnification under their homeowners insurance policy with American Family (the policy). Mr. and Mrs. Soulsby are defendants in a cause of action filed against them by Mrs. Soulsby's granddaughter and Mr. Soulsby's step-granddaughter, Christi Copeland–Williams. The trial court found that Mr. Soulsby's intentional acts of sexual molestation and Mrs. Soulsby's acts of conspiracy alleged by Ms. Copeland–Williams are not covered under the policy. However, the trial court found that Mrs. Soulsby's alleged negligence in allowing the molestation is covered by the policy.

Mr. and Mrs. Soulsby do not appeal. American Family appeals the trial court's finding that Mrs. Soulsby's negligent acts as alleged by Ms. Copeland–Williams are covered by the policy. We reverse.

In her petition for personal injuries filed in the underlying cause of action, Ms. Copeland–Williams sought damages from the Soulsbys alleging that from 1977 through 1984 she was sexually molested by Mr. Soulsby and that Mrs. Soulsby conspired with her husband to commit the molestation. In the alternative, Ms. Copeland–Williams alleged that Mrs. Soulsby was negligent for permitting the molestation by her husband to continue.

Under their homeowners insurance policy with American Family, Mr. and Mrs. Soulsby sought defense of the action filed against them by Ms. Copeland–Williams and indemnification for any judgment rendered against them. The Soulsbys' homeowners insurance policy was effective through the time period of the alleged acts of molestation. Mr. and Mrs. Soulsby are the named insureds under the policy. The Comprehensive Personal Liability Coverage under the policy states:

The company shall pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. The company shall have the right and duty, at its own expense, to defend with counsel of its choice any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, but may make such investigation and settlement of any claim or suit as it deems expedient. The company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

Under the "Definitions" section, the policy defines several terms used within the policy as follows:

"named insured" means the person or persons or organization named as such in the declarations, and includes the spouse of any person so named, if such spouse is a resident of his household;

"insured" includes (1) the named insured, (2) if a resident of the named insured's household (a) his relatives and (b) any other person under the age of 21 years in the care of the named insured ...

"the insured" means the person or organization against whom claim is made or suit is brought, provided such person or organization is included in the definition of "insured" and provided coverage applies to such person or organization;

"any insured" means any person or organization who is included in the definition of "insured;"

The policy then goes on to state:

the insurance afforded under the liability coverages applies separately to each insured against whom claim is made or suit is brought but the inclusion herein of more than one insured shall not operate to increase the limit of the company's liability.

This clause will be referred to as the severability clause.

Additionally, under the "Exclusions" section, the policy states:

This section does not apply ... (h.) to bodily injury or property damage which is either expected or intended from the standpoint of any insured.

American Family filed a petition for declaratory judgment seeking a declaration from the Circuit Court of Franklin County of its rights and obligations with respect to Ms. Copeland–Williams and Mr. and Mrs. Soulsby pursuant to the terms of the policy. After the filing of answers by the Soulsbys and by Ms. Copeland–Williams, American Family sought summary judgment asserting that no coverage is afforded to Mr. and Mrs. Soulsby under the policy. Ms. Copeland–Williams and Mr. and Mrs. Soulsby admitted that Mr. Soulsby was not covered under the policy for his alleged intentional acts, but insisted that Mrs. Soulsby was covered under the policy for her alleged acts. Therefore, the trial court found that the only issue to decide was whether there is coverage for Mrs. Soulsby under the policy.

After a summary judgment hearing, the trial court found that although the acts of Mr. Soulsby are excluded from coverage, these acts "do not serve as a basis to exclude from coverage Yvonne Soulsby's alleged negligent acts." Therefore, the trial court found that Mrs. Soulsby's negligent acts as alleged by Ms. Copeland–Williams are covered by the policy. However, the trial court found that neither the conspiracy claim, nor any other claim seeking damages for intentional acts of Mrs. Soulsby, is covered by the policy.

American Family appeals the trial court's finding that Mrs. Soulsby's negligent acts as alleged by Ms. Copeland–Williams are covered by the policy. Mr. and Mrs. Soulsby do not appeal the trial court's finding that their intentional acts are excluded from coverage under the policy.

In its only point on appeal, American Family asserts the trial court erred and misapplied the law in holding that American Family owes the duty to defend and indemnify Mrs. Soulsby for her alleged negligent acts. American Family argues that the exclusionary clause within the policy acts to exclude coverage of Mrs. Soulsby because bodily injury to Ms. Copeland–Williams was expected or intended from the standpoint of Mr. Soulsby. Additionally, American Family contends the policy's severability clause does not negate the plainly worded and unambiguous meaning of the exclusionary clause and the meaning of the phrase "any insured" contained within it. We agree.

Our review of summary judgment is essentially *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993). Whether to grant summary judgment is purely an issue of law. *Id.* This Court need not defer to the trial court's order granting summary judgment. *Id.*

An insurer's duty to defend is determined from the provisions of the policy and the allegations of the petition alleging liability of the insured. *Steve Spicer Motors, Inc. v. Federated Mut. Ins. Co.*, 758 S.W.2d 191, 193 (Mo.App.1988). When an insurance company seeks to escape coverage based on policy exclusions, the burden is on it to establish the applicability of the exclusion. *M.A.B. v. Nicely*, 911 S.W.2d 313, 315 (Mo. App.1995).

■ The exclusionary clause within the Soulsbys' policy excludes coverage for "bodily injury or property damage which is either expected or intended from the standpoint of any insured." Under the "inferred-intent" standard, it is well settled that sexual molestation is an intentional act falling within the "intended or expected" exclusion in general liability insurance cases. *State Farm Fire & Casualty Co. v. D.T.S.*, 867 S.W.2d 642, 645–646 (Mo.App.1993). Therefore, as the parties have stipulated, the exclusionary clause excludes coverage of Mr. Soulsby for any intentional acts that contributed to Ms. Copeland–Williams' alleged bodily injury, including the alleged sexual molestation.

■ Initially, without considering the severability clause, we find that under the exclusionary clause, Mrs. Soulsby would be excluded from coverage under the policy for Mr. Soulsby's alleged intentional acts because the exclusionary clause declares that no coverage will be given to the insureds if *any* insured has expected or intended bodily injury to another. This policy provision unambiguously states that the Soulsbys' rights are jointly rather than severally held when one insured intends or expects bodily injury to another. In other words, coverage is contingent upon the conduct of any insured and if one insured's conduct falls under this exclusion, all other insureds are barred from coverage. *See Childers v. State Farm Fire & Cas. Co.*, 799 S.W.2d 138, 141 (Mo.App. 1990).

Next, we must consider whether Mrs. Soulsby is entitled to indemnification and defense in light of the policy's severability clause. The interaction of an exclusionary clause and a severability clause has been addressed by the Western District of the Missouri Court of Appeals in *American Family Mut. Ins. Co. v. Moore*, 912 S.W.2d 531 (Mo.App.1995).

In *Moore*, American Family was granted summary judgment after it sought declaratory judgment to determine whether coverage existed for injuries suffered by a child who was bitten by a dog while being babysat in the insureds' home. *Moore*, 912 S.W.2d at 532–533. The insureds' homeowners policy included a severability clause and a business exclusion clause that excluded personal liability coverage for bodily injury to others that arose out of business pursuits of any insured. *Id.* At the time of the incident, one of the insureds was babysitting for hire. *Id.*

The *Moore* court held that the babysitting of one of the insureds fell under the business pursuits exclusion in the policy. *Id.* However, the *Moore* court went on to decide the issue of "whether the homeowners' severability of interests clause makes ambiguous the otherwise unambiguous language of the policy's exclusion for business pursuits." *Id.*

Although the *Moore* court found that any ambiguities must be construed in favor of the insured, it also found that the policy unambiguously expressed an intention to deny coverage to all insureds when damage is the result of a business pursuit. *Id.* at 533–534. It found that the use of the phrase "any insured" in the business exclusion clause excluded coverage for anyone defined as an insured under the policy if one insured incurred liability arising out of a business pursuit in the home. *Id.* at 534. Furthermore, the *Moore* court concluded that "the purpose of the severability clause is not to negate the plainly worded meaning of the business exclusion clause." *Id.* at 534–535.

The Soulsbys cite *Premier Ins. Co. v. Adams*, 632 So.2d 1054 (Fla.App. 5 Dist.1994) and *Worcester Mut. Ins. Co. v. Marnell*, 398 Mass. 240, 496 N.E.2d 158 (1986) to support their contention that the severability clause acts to create a separate insurable interest in each individual insured which renders the phrase "any insured" meaningless within the exclusionary clause. We note that the *Moore* court rejected the holdings of *Premier* and *Worcester*. Instead, the *Moore* court found the reasoning of other jurisdictions to be persuasive in holding that a severability clause did not render an exclusionary clause ambiguous.

American Family cites two cases in other jurisdictions that have specifically addressed the issue in the case at bar. *Taryn E.F. v. Joshua M.C.*, 178 Wis.2d 719, 505 N.W.2d 418 (App.1993) and *Northwest G.F. Mut. Ins. Co. v. Norgard*, 518 N.W.2d 179 (N.D.1994) are cases where insureds sought liability cov-

erage under their homeowners insurance policies for bodily injury caused by sexual molestation by an insured. Both policies included exclusionary clauses that did not give liability coverage for bodily injury or property damage caused by the intentional conduct of *any* insured. Additionally, both policies included severability clauses. Furthermore, both courts held that the exclusionary clause acts to deny liability coverage of all insureds for bodily injury to another arising out of the intentional acts of any insured, even in light of a severability clause.

In *Taryn,* parents brought a cause of action against a minor babysitter who had allegedly sexually molested their daughter. *Taryn,* 505 N.W.2d at 419. In this suit, counts against the babysitter's parents and their homeowners insurer were also brought. *Id.* 505 N.W.2d at 419. The insureds' homeowners policy included a severability clause, as well as a clause that excluded all liability coverage if the intentional acts of any insured were the cause of bodily injury or property damage. *Id.* at 420. Additionally, the policy included a specific exclusion of coverage for liability which resulted from actual, alleged or threatened sexual molestation. *Id.*

The Wisconsin Court of Appeals began its analysis by stating: "Assuming, without deciding, that the severability clause creates separate policies for each insured, that clause does not render the exclusionary clauses in the policy ambiguous." *Id.* The court reasoned that the policy's exclusion of coverage for damages attributed to "outrageous conduct on the part of *any insured* . . . unambiguously denies coverage for all liability incurred by each and any insured as a result of certain conduct by any of the persons insured by the policy." *Id.* at 420–421 (emphasis added). Thus, the *Taryn* court held that the insurer had no duty to defend and indemnify insureds for liability imposed upon them for the acts of their son. *Id.* at 422.

In the second case, Ray Norgard was accused of sexually molesting a child at his home where he provided day care services for hire. *Norgard,* 518 N.W.2d at 180. The child's parents sued the Norgards alleging that Ray intentionally abused the child, while his wife, Jean, breached a duty to use reason-able and due care in the supervision and care of the child. *Id.* Additionally, the parents alleged that Jean negligently failed to prevent Ray's sexual contact with the child. *Id.*

The Norgards' homeowners insurer sought declaratory judgment to determine the Norgards' right to coverage under their policy. *Id.* The Norgards' homeowners policy contained a section which provided liability coverage for bodily injury or property damage arising from day care services being given in their home, however liability coverage was specifically excluded for any bodily injury arising out of sexual molestation by any insured or an employee of an insured. *Id.* Additionally, the policy contained a severability clause. *Id.* at 181.

The child's parents conceded that Ray was excluded from coverage under the policy, but argued that Jean was still covered because the severability clause gives each insured separate insurance coverage. *Id.* at 180. The child's parents argued that because of the severability clause, the conduct of any one insured does not effect the coverage of another insured. *Id.* at 181.

The Supreme Court of North Dakota found that "the sexual molestation exclusion is a particularly tailored provision that excludes any coverage for specific actions of specific individuals, whereas the severability clause is a more general provision concerned with who is covered." *Id.* at 183. Therefore, the *Norgard* court held the exclusion prevailed over the severability clause and thus, Jean was not covered under the policy. *Id.* at 184.

■ We find the reasoning of *Moore, Taryn,* and *Norgard* to be persuasive. Therefore, we find that Mrs. Soulsby is not covered for any negligent acts that stem from the intentional acts of Mr. Soulsby. The exclusion within the policy acts to exclude Mrs. Soulsby from coverage because the sexual molestation of Ms. Copeland–Williams was intended or expected from the standpoint of Mr. Soulsby.

The use of the phrase "any insured" makes the exclusionary clause unambiguous even in light of the severability clause. As the *Taryn* court stated, the phrase " 'any insured'

unambiguously precludes coverage to all persons covered by the policy if any one of them engages in excludable conduct." *Taryn,* 505 N.W.2d at 422. Therefore, the trial court erred when it found that the negligent acts of Mrs. Soulsby were covered by the policy because the exclusionary clause bars coverage of any insured due to the alleged sexual molestation by Mr. Soulsby. Accordingly, the trial court's judgment holding that American Family is required to provide a defense and indemnification to Mrs. Soulsby under her homeowners policy for alleged negligent conduct is reversed.

Judgment reversed.

CRAHAN, P.J., and GRIMM, J., concur.