**K.M.R., a Minor Child, by and Through her Mother Next Friend, Michelle Ray, Appellant,**

v.

**FOREMOST INSURANCE GROUP, Appellee.**

No. 2004–CA–000859–MR.

Court of Appeals of Kentucky.

Sept. 2, 2005.

J. Todd P'Pool, Madisonville, KY, for appellant.

Zack N. Womack, Henderson, KY, for appellee.

Before COMBS, Chief Judge; BUCKINGHAM and KNOPF, Judges.

## OPINION

COMBS, Chief Judge.

K.M.R., and her mother, Michelle Ray, appeal from the final judgment of the Hopkins Circuit Court which upheld an exclusion in a homeowner's policy issued by the appellee, Foremost Insurance Group (Foremost). Foremost claimed that its policy excluded from coverage the acts of sexual molestation complained of by K.M.R. in an underlying lawsuit. The court agreed and also concluded that Foremost was not required to defend its insureds, Tommy Glenn Conrad and Elizabeth M. Conrad, who were named as defendants in the underlying action. Finding no error in the trial court's interpretation of the policy, we affirm.

The material facts are not in dispute. Elizabeth Conrad is K.M.R.'s paternal grandmother; Elizabeth's husband, Tommy Conrad, is K.M.R.'s step-grandfather. On November 20, 2002, K.M.R., by and through her mother, filed a lawsuit in which she alleged that she was sexually molested by Tommy during a visit with the Conrads on June 8, 2002. At the time of the assault, K.M.R. was less than twelve years of age. Following a criminal investigation of K.M.R.'s allegations, Tommy pled guilty to two counts of sexual abuse in the first degree.

In her underlying complaint, K.M.R. also sought to hold Elizabeth accountable for her injuries arising from Tommy's sexual misconduct. She alleged that Elizabeth was aware of Tommy's extensive criminal history and of his "deviant sexual and aggressive propensity"; that Elizabeth failed to provide adequate supervision over her or to protect her from Tommy; and that Elizabeth failed to warn her or her mother of the risks inherent in associating with Tommy.

Invoking the personal liability provisions of their homeowner's policy, the Conrads demanded that Foremost provide legal representation to defend the claims lodged against them by the child. K.M.R.'s attorney demanded that Foremost provide coverage for her client's injuries. Foremost filed a petition for a declaration of rights. Citing several specific exclusions to the liability coverage afforded by the policy, Foremost argued that it had no duty to defend or to indemnify the Conrads.

The issues of coverage and Foremost's duties to its insureds were submitted to the trial court on cross-motions for summary judgment. In its final order of April 19, 2004, the Hopkins Circuit Court concluded that because of the intentional nature of Tommy's acts, Foremost was absolved of any liability to defend Tommy or Elizabeth or to provide coverage for K.M.R.'s injuries pursuant to the "intentional acts" exception in the policy. The Conrads have not appealed.

In her appeal, K.M.R. does not challenge the ruling of the trial court with respect to Tommy. However, she notes that the homeowner's policy contains a severability provision. Therefore, she contends that the exclusion pertaining to bodily injury caused by intentional acts should not absolve Foremost of its duty to defend Elizabeth nor should it be able to avoid liability for coverage based on Elizabeth's arguably unintentional, negligent omissions to protect the child.

 Interpretation of an insurance policy is a question of law which we review *de novo*. *Cinelli v. Ward,* 997 S.W.2d 474, 476 (Ky.App.1998); *Snow v. West American Insurance Company,* 161 S.W.3d 338 (Ky.App.2004). In undertaking our review, we are mindful of two cardinal principles pertinent to our task:

(1) the contract should be liberally construed and all doubts resolved in favor of the insureds; and (2) exceptions and exclusions should be strictly construed to make insurance effective.

*Kentucky Farm Bureau Mutual Insurance Co. v. McKinney,* 831 S.W.2d 164, 166 (Ky.1992), quoting *Grimes v. Nationwide Mutual Insurance Co.,* 705 S.W.2d 926 (Ky.App.1985) and *Tankersley v. Gilkey,* 414 S.W.2d 589 (Ky.1967).

 A liberal interpretation is not synonymous with a strained one. We must construe clear and unambiguous terms in a contract according to their "plain and ordinary meaning." *Nationwide Mutual Insurance Company v. Nolan,* 10 S.W.3d 129, 131–32 (Ky.1999).

Policies should be interpreted according to the parties' mutual understanding at the time they entered into the contract and "[s]uch mutual intention is to be

deduced, if possible, from the language of the contract alone."

*Id.,* quoting *Simpsonville Wrecker Service, Inc. v. Empire Fire and Marine Insurance Company,* 793 S.W.2d 825, 828–829 (Ky.App.1990).

 The pertinent portions of the Conrads' homeowner's policy provide as follows:

If a claim is made or a suit brought against you[1] for damages because of **bodily injury** or **property damages,** caused by an accident to which this coverage applies, we will:

1. Pay up to the Limit of Liability [$50,000] for the damages for which you are legally liable.
2. Provide a defense at our expense by attorneys of our choice. (Emphasis in original.)

This broad coverage is followed by a series of exceptions, several of which relate to the claims filed against the Conrads by K.M.R. The trial court based its judgment on the exception for intentional acts, which seeks to exclude coverage for bodily injury:

2. Resulting from any act or omission that is intended **by any of you** to cause any harm or that **any of you** could reasonably expect to cause harm. (Emphasis added.)

Foremost points to additional, even more specific exclusions in support of the trial court's judgment. These provisions exclude coverage for bodily injury:

3. Resulting from an act committed **by any of you** in the course of or in furtherance of any crime or offense of a violent nature.

. . .

10. Arising out of:

---

**1.** "You" is defined in the policy as meaning the named insureds and family members.

Both Elizabeth and Tommy Conrad are named insureds.

...

 b. The negligent supervision **by any of you of any person;**

...

15. **Arising out of any sexual act, sexual molestation,** corporal punishment, or physical or mental abuse.

16. Arising out of the illegal or unlawful acts of **any of you** or any of your guests. (Emphases added.)

K.M.R. argues that the exclusions do not pertain to Elizabeth based on the following severability clause:

The Limit of Liability for Coverage E—Personal Liability will not exceed the limit shown on the Declarations Page regardless of the number of people insured or claims made.

The insuring of more than one person by this policy does not increase our limits of liability.

K.M.R. argues that the insuring agreement contemplates separate coverage for each of the two named insureds. Thus, she contends that the trial court erred in denying coverage for Elizabeth's negligent acts which were independent of Tommy's intentional sexual assault. She contends that when read in conjunction with the "expected or intentional acts" exclusion, the severability clause renders the policy ambiguous. In so reasoning, K.M.R. relies on *Northwestern National Insurance Company v. Nemetz*, 135 Wis.2d 245, 400 N.W.2d 33 (1986), a case in which Mr. Nemetz intentionally started a fire on property owned by him and his wife. The fire destroyed an adjacent piece of property. Consequently, the Nemetzes, who were insured under two separate policies, were sued for the damage to their neighbor's property. The insurers claimed that they owed no coverage for the loss pursuant to the "expected or intended" exclusion

in the insurance contracts. However, *Nemetz* held that Mrs. Nemetz, an innocent party, was entitled to the coverage afforded by the policies.

We conclude that this contract is ambiguous because the severability clause creates a reasonable expectation that each insured's interests are separately covered, while the exclusion clause attempts to exclude coverage for both caused by the act of only one.... We cannot release an insurer from a risk that may have been excluded through more careful contract drafting.

*Id.* at 38.

The language employed in the policies of the *Nemetz* case differs significantly from that used in the exclusions in the case before us. In *Nemetz*, the policy exclusions absolved the insurer from liability for damages "expected or intended by **an** insured" and damages "intended or expected by **the** insured." *Id.*, 400 N.W.2d at 37, n. 2. (Emphasis original.) In contrast to a generalized approach, the intentional acts exclusion in the Foremost policy addresses the insureds more precisely and more directly, excluding coverage for damages that are "intended **by any of you** to cause any harm or that **any of you** could reasonably expect to cause harm." (Emphasis added.) It denies protection to an innocent actor who is tainted by association with an intentional wrongdoer.

This more expansive distinction was observed and noted to be critical in *Taryn E.F. v. Joshua M.C.*, 178 Wis.2d 719, 505 N.W.2d 418 (1993). In that case, the insureds were sued for injuries related to a sexual assault committed by their son. Citing *Nemetz*, the parents/insureds claimed that the severability clause in their homeowner's liability policy provided them with coverage because they had not intended any harm to their son's victim. The intentional acts provision at issue in

*Taryn,* similar to the exclusion in the instant case, excluded insurance coverage for injury:

> attributable to a willful, malicious, wanton or otherwise intentional act of the "insured" or performed at an "insured's" direction or for any outrageous conduct on the part of **any** "insured" consisting of any intentional, wanton, malicious acts, or, in addition, any act that would constitute wanton disregard for the rights of others. (Emphasis added.)

*Id.* at 178 Wis.2d at 723, 505 N.W.2d 418. In interpreting this clause, the Court of Appeals of Wisconsin declined to expand its holding in *Nemetz* and concluded:

> This language unambiguously denies coverage for all liability incurred by each and any insured as a result of certain conduct by any of the persons insured by the policy.... We noted in *Nemetz* that by using the terms *"an* insured," and *"the* insured" in their exclusionary provisions, the insurers failed to adequately draft the policy to exclude coverage for both insureds based on the excludable acts of one insured. [Citation omitted.] Thus, we held that the exclusionary clauses precluded coverage for the insured who committed the excludable acts, but not for the innocent insured. *Id.* Here, the exclusionary clause precludes coverage under the policy based on the excludable acts of *any* insured. Even when read with the severability clause, this exclusion unambiguously operates to preclude coverage to all insureds for liability attributable to the excludable acts of any one of the insureds. Unlike the insurers in *Nemetz,* Little Black [Mutual Insurance Company] drafted its policy more carefully to exclude this risk. (Emphasis in original.)

*Id.,* at pp. 724–25, 505 N.W.2d 418.

The reasoning of the Wisconsin court in *Taryn* is consistent with Kentucky precedent. In Kentucky, a clearly worded exclusion is not treated as ambiguous or rendered unclear by the mere existence of a severability provision.

> The purpose of severability clauses ... is not to negate bargained-for exclusions which are plainly worded. See *American National Bank and Trust Co. v. Hartford Accident & Indemnity Co.,* 442 F.2d 995 (6th Cir., 1971), which held that unambiguous and clearly drafted exclusions which are not unreasonable or against public policy are enforceable.

*National Insurance Underwriters v. Lexington Flying Club, Inc.,* 603 S.W.2d 490, 492 (Ky.App., 1980). Foremost's exclusion denies coverage to each of its insureds for damages intentionally caused by any one of them. Within the context of liability insurance, Tommy's acts of sexual molestation were intentional as a matter of law. *See, Goldsmith v. Physicians Insurance Company of Ohio,* 890 S.W.2d 644 (Ky. App.1994) and *Thompson v. West American Insurance Company,* 839 S.W.2d 579 (Ky.App.1992).

Foremost apparently followed the admonition of the *Nemetz* court and more carefully drafted its exclusionary clauses. We hold that the trial court correctly applied the intentional acts exclusion in concluding that Foremost owed no duty to defend or to indemnify **either** of the Conrads for the act of one of them.

Other plainly worded provisions also support the court's judgment in applying the exclusion so as to deny coverage to Elizabeth. Specifically, the policy excludes coverage for "negligent supervision" (the essence of K.M.R.'s complaint against her grandmother) committed by "**any** insured" or "**any person.**" The policy also excludes damages for bodily injury "[a]rising out of **any sexual act, sexual molestation, corporal punishment, or physical**

or mental abuse." (Emphasis added.) In drafting this exclusion, Foremost did not limit the exclusion to acts committed by its insureds. Rather, the exclusion removed from coverage *an entire category* of injuries; *i.e.,* those arising out of sexual acts and physical or mental abuse. This plainly worded exclusion should dispel any expectation of the Conrads that either was entitled to be defended or indemnified by Foremost against a claim arising from sexual molestation—regardless of the identity of the actual perpetrator of the sexual offense.

Finding no error, we affirm the judgment of the Hopkins Circuit Court.

ALL CONCUR.