**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SCOTT MINKLER,
                *Plaintiff-Appellant,*

v.

SAFECO INSURANCE COMPANY,
                *Defendant-Appellee.*

No. 07-56689

D.C. No.
CV-07-04374-
MMM
Central District of
California,
Los Angeles

ORDER

Filed April 8, 2009

Before: Daniel M. Friedman,* Carlos T. Bea, and
Sandra S. Ikuta, Circuit Judges.

---

## COUNSEL

Jeffrey Isaac Ehrlich (argued), The Ehrlich Law Firm, Clare-
mont, California; Michael J. Bidart and Ricardo Echeverria,
Shernoff Bidart Darras & Echeverria, LLP, Claremont, Cali-
fornia; for appellant Scott Minkler.

Gregory H. Halliday (argued) and William D. Burger, Jr.,
Sedgwick, Detert, Moran & Arnold, LLP, Irvine, California;
for appellee Safeco Insurance Company of America.

---

*The Honorable Daniel M. Friedman, Senior United States Circuit
Judge for the Federal Circuit, sitting by designation.

4153

# ORDER

PER CURIAM:

We respectfully ask the California Supreme Court to exercise its discretion to accept and decide the certified question below pursuant to California Rule of Court 8.548.

## I.   Statement of Facts and Procedural Background

This is a liability insurance coverage dispute involving a policy issued to a California homeowner. Scott Minkler appeals the district court's order granting Safeco Insurance Company of America's ("Safeco") motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss Minkler's causes of action for breach of insurance contract, breach of the implied covenant of good faith and fair dealing, recovery as a judgment creditor pursuant to California Insurance Code Section 11580, and professional negligence. Minkler's claims arise out of Safeco's failure to provide a defense to Betty Schwartz, an insured under a Safeco homeowners insurance policy. Betty Schwartz was a resident of California at all relevant times.

In 2003, Minkler sued Betty Schwartz and her son, David, in California Superior Court. Minkler's first amended complaint alleged David, Minkler's little league coach, had sexually molested him over a period of several years, beginning in 1987. Minkler asserted multiple causes of action against David, including sexual battery, intentional infliction of emotional distress, negligence, and negligence per se. Minkler also asserted a single cause of action for negligent supervision against Betty Schwartz: Minkler alleged David molested Minkler in Betty's home; Betty knew her son was molesting Minkler; but Betty nonetheless failed to take reasonable steps to stop her son from doing so.

From August 26, 1988 to August 26, 1995, Betty Schwartz held a series of homeowners insurance policies issued by Safeco.[1] The policies provide general liability coverage to each insured up to a limit of $300,000 for each occurrence. The policies define "an insured" to include both the policy-holder and any relative resident of the policyholder's household.

The "Exclusions" sub-section of the liability coverage section of the policy contains an intentional acts exclusion that provides: "Personal Liability [coverage] . . . do[es] not apply to bodily injury or property damage: (a) which is expected or intended by an insured or which is the foreseeable result of an act or omission intended by an insured . . . ." However, in the "Conditions" sub-section, the policy also contains a severability-of-interests clause that provides: "This insurance applies separately to each insured. This condition will not increase our limit of liability for any one occurrence."

David Schwartz, acting on behalf of himself and his mother, tendered the defense of Minkler's complaint to Safeco. Citing the intentional acts exclusion, Safeco's insurance adjuster denied the tender as to both Schwartzes.

Minkler then obtained a default judgment against Betty Schwartz in the amount of $5,020,612.20. Subsequently, Minkler entered into a settlement agreement with Betty. In exchange for a covenant not to execute the judgment, Betty assigned her claims against Safeco to Minkler.

On May 15, 2007, Minkler filed this action against Safeco and Safeco's insurance adjuster, Patricia Orris, in California superior court. By stipulation, Orris was dismissed from the action. Safeco removed the case to the United States District

---

[1]Only the 1993 version of the policy appears in the record. Neither party contends the 1993 version differs in any material respect from any version of the policy in effect at the time of the relevant occurrences.

Court for the Central District of California on the basis of diversity of citizenship.

In federal court, Safeco filed a Rule 12(b)(6) motion to dismiss on the ground the intentional acts exclusion barred coverage for Minkler's claims against Betty. Minkler conceded that, absent the severability clause, the intentional acts exclusion would bar coverage for Minkler's negligent supervision claim against Betty Schwartz; David Schwartz was "an insured" within the meaning of the policy, and Minkler's bodily injury resulted from David's intentional acts. However, Minkler contended the severability-of-interests clause excepted Betty's coverage from the exclusion either expressly or under California rules for interpretation of ambiguity in insurance contracts.

The district court granted Safeco's motion to dismiss and Minkler timely appealed.

## II.   The Certified Question

We certify the following issue to the California Supreme Court:

> Where a contract of liability insurance covering multiple insureds contains a severability-of-interests clause in the "Conditions" section of the policy, does an exclusion barring coverage for injuries arising out of the intentional acts of "an insured" bar coverage for claims that one insured negligently failed to prevent the intentional acts of another insured?

If the California Supreme Court decides the certified question, we will accept and rely on the Court's decision in any further proceedings in this court.

## III.   Explanation of the Importance of the Certified Question

The answer to the certified question will determine the outcome of Minkler's appeal of the district court's order granting Safeco's motion for summary judgment.

The certified question is also one of considerable importance to insureds and insurers alike. Many homeowners and other insurance policies covering multiple insureds contain severability provisions similar to the clause at issue in this case. Because of the ubiquity of such clauses, the issue is a recurrent one and courts have reached different answers. *See W. Am. Ins. Co. v. AV & S*, 145 F.3d 1224, 1227-29 (10th Cir. 1998) (collecting cases). *Compare, e.g.*, *Taryn E.F. by Grunewald v. Joshua M.C.*, 505 N.W.2d 418, 420-22 (Wis. 1993) (holding that a policy exclusion applicable to "any insured" unambiguously barred coverage despite inclusion of severability clause), *with Worcester Mut. Ins. Co. v. Marnell*, 496 N.E.2d 158, 161 (Mass. 1986) (holding that the term "any insured" was ambiguous in light of a severability clause and, construing the contract against the insurer, finding coverage).

The California Supreme Court has never addressed this issue of exceptional importance. *See generally Safeco Ins. Co. of Am. v. Robert S.*, 26 Cal. 4th 758, 772 (2001) (Baxter, J., concurring and dissenting) ("Little California authority considers the effect of severability clauses on exclusionary provisions.").

In his concurring opinion in *Robert S.*, Justice Baxter wrote: "[I]f the policy contains language stating the severability of the insurer's obligation, exclusionary clauses apply separately to each insured, *even when language internal to the clauses themselves might suggest otherwise*." *Id.* (emphasis in original). However, the full court held that the policy exclusion in the case was void as against public policy and did not have occasion to address the effect of the contract's severability clause.

Two California Court of Appeal decisions—*California Casualty Insurance Co. v. Northland Insurance Co.*, 48 Cal. App. 4th 1682, 1697 (4th Dist. 1996) and *Bjork v. State Farm Fire & Casualty Co.*, 157 Cal. App. 4th 1, 8-11 (1st Dist. 2007)—have addressed the effect of a severability clause on

policy exclusions, but *Northland*'s statement on the issue is dicta, and both the *Northland* and *Bjork* courts expressly limited their holdings to the unique facts of each case.

Because the California Supreme Court has not addressed this issue, and because of the split of authority in other jurisdictions, we respectfully request that the California Supreme Court answer the certified question. If the Court, in its discretion, chooses to address the certified question, we will accept and rely on the Court's decision of the certified question in any further proceedings in this court.

## IV.   Administrative Information

The caption of the case is:

No.   07-56689

SCOTT MINKLER, Plaintiff-Appellant

v.

SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation, Defendant-Appellee

Counsel for the parties are as follows:

For Plaintiff-Appellant: Michael J. Bidart, Ricardo Echeverria, SHERNOFF BIDART DARRAS & ECHEVER-RIA, LLP, 600 S. Indian Hill Blvd., Claremont, California 91711; Jeffrey Isaac Ehrlich, THE EHRLICH LAW FIRM, 411 Harvard Ave., Claremont, California

For Defendant-Appellee: Gregory H. Halliday, William D. Burger, SEDGWICK, DETERT, MORAN, & ARNOLD, LLP, 3 Park Plaza, 17th Floor, Irvine, CA 92614-8540

If the California Supreme Court grants the request, Scott Minkler should be deemed the petitioner, as he is the appellant before our court.

## V.   Conclusion

We recognize that the California Supreme Court has a heavy caseload and we do not make our request lightly. If the Court accepts the certified question, we will be grateful for its assistance.

All further proceedings in this case in this court are stayed pending final action by the California Supreme Court. The case is withdrawn from submission until further order of this court. This court retains jurisdiction over further proceedings after the California Supreme Court renders a decision or declines to answer the certified question. The parties shall notify the Clerk of this court within one week after the California Supreme Court accepts or rejects certification. If the California Supreme Court accepts the certified question, the parties shall file a joint status report to our court every six months after the date of acceptance or more frequently if circumstances warrant, and again within one week when the California Supreme Court renders an opinion.

In accordance with California Rule of Court 8.548, the Clerk of the Court is hereby directed to transmit forthwith to the California Supreme Court, under official seal of the Ninth Circuit, the original and ten copies of this order, along with all relevant briefs and excerpts of record. The Clerk shall also file certificates of service with the parties to this appeal.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.