**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SCOTT MINKLER, | No. 07-56689 |
| Plaintiff - Appellant, | D.C. No. CV-07-04374-MMM |
| v. | |
| SAFECO INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued February 13, 2009
Resubmitted October 7, 2010
Pasadena, California

Before: BEA and IKUTA, Circuit Judges, and FRIEDMAN, Senior Circuit
Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Daniel M. Friedman, Senior United States Circuit
Judge for the Federal Circuit, sitting by designation.

Scott Minkler ("Minkler") appeals the district court's order that granted Safeco Insurance Company of America's ("Safeco") Rule 12(b)(6) motion to dismiss Minkler's claims as an assignee of Betty Schwartz for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) recovery as a judgment creditor; and (4) professional negligence. We have jurisdiction pursuant to 28 U.S.C. § 1291(a) and we reverse.[1]

In the underlying litigation, Minkler sued David Schwartz for sexual molestation and asserted a negligent supervision claim against David's mother, Betty Schwartz. During the relevant period, David resided—and allegedly molested children—in Betty's home. David and Betty Schwartz are co-insureds under a homeowners insurance policy issued by Safeco. The policy contains an intentional acts exclusion that states the policy does not provide coverage for injuries resulting from the intentional act of "an insured." The policy also contains a severability clause that states "this insurance applies separately to each insured." Safeco denied both Schwartzes a defense. Minkler obtained a default judgment against Betty and an assignment of her rights against Safeco in exchange for a

---

[1] Because the parties are familiar with the facts we repeat them here only as necessary to explain our decision.

2

covenant not to execute the judgment. Minkler then filed the instant action against Safeco.

The district court dismissed Minkler's claims based on its legal conclusion that the severability clause did not make the intentional acts exclusion ambiguous as to whether David's intentional acts barred coverage for Betty's negligence. Because the intentional acts exclusion applied, Safeco could not be liable.

California law on this issue was not clear, so we certified the following question to the California Supreme Court: "Where a contract of liability insurance covering multiple insureds contains a severability-of-interests clause in the 'Conditions' section of the policy, does an exclusion barring coverage for injuries arising out of the intentional acts of 'an insured' bar coverage for claims that one insured negligently failed to prevent the intentional acts of another insured?" *Minkler v. Safeco Ins. Co.*, 561 F.3d 1033, 1035 (9th Cir. 2009).[2]

In an opinion filed on June 17, 2010, the California Supreme Court answered this question "no." *Minkler v. Safeco Ins. Co. of Amer.*, 232 P.3d 612, 620 (Cal. 2010). The California Supreme Court held "in light of the severability clause, Betty would reasonably have expected Safeco's policies . . . to cover her

---

[2] We vacated submission pending the California Supreme Court's decision. The case is resubmitted as of the date of the filing of this memorandum disposition.

3

separately for her independent acts and omissions causing . . . injury or damage, so long as her conduct did not fall within the policies' intentional acts exclusion, even if the acts of another insured contributing to the same injury or damage were intentional." *Id.* (italics omitted). Thus Betty had "an objectively reasonable expectation that the policies would cover her so long as her own conduct did not fall within the intentional acts exclusion." *Id.* at 626. Because Betty was only negligent, her own conduct did not fall within the intentional acts exclusion, and she was entitled to coverage. As Betty's assignee, Minkler inherited Betty's rights under the insurance policy.

Therefore, the district court erred when it held that Safeco could not be liable and granted Safeco's Rule 12(b)(6) motion to dismiss. We reverse the district court's decision and remand for further proceedings.

**REVERSED and REMANDED.**