[No. 42202-2-I.   Division One.   April 26, 1999.]

COUNTRY MUTUAL INSURANCE COMPANY, *Respondent*, v.
MICHAEL D. MCCAULEY, ET AL., *Appellants*.

*Mark W. Davis* of *Curran, Kleweno & Johnson*, for appellants.

*David M. Jacobi* of *Wilson, Smith, Cochran & Dickerson*, for respondent.

Cox, J. — An insurance policy provision excluding from coverage injuries "arising from the . . . unloading of [a] recreational motor vehicle . . . ." is applicable when a loaded rifle discharged while its owner was removing it from such a vehicle. We affirm the summary judgment order declaring that there was no insurance coverage.

The facts are undisputed. Dennis Brothers, Mike McCauley, and two of their friends went to Nevada on a hunting trip. Brothers brought along his four-wheel "all-terrain vehicle" (ATV). Eventually, the four friends separated into two groups. After a day of hunting, Brothers placed his loaded rifle atop a backpack. He then loaded them both on top of a steel rack attached to the front of the ATV. He secured the rifle and backpack by stretching a bungee cord over both and hooking the cord into one of the bars of the steel rack.

When Brothers arrived at camp, he began removing the rifle and backpack from the ATV by unhooking the bungee cord. During this process, the gun discharged, and a bullet struck McCauley. He survived, but underwent several surgeries.

McCauley sued Brothers in Okanogan County. Country Mutual, Brothers' insurer, defended that action under a reservation of rights and commenced this declaratory judgment action to determine its rights and liabilities under the insurance policy. The policy provided liability coverage for bodily injuries for which Brothers might become liable. But there was a policy exclusion for injuries "arising from the . . . *use*, loading or *unloading* of . . . any recreational motor vehicle"[1] owned by the insured.

On cross-motions for summary judgment in this action, the trial court ruled that the policy's "use" and "unloading" exclusions precluded coverage of McCauley's injuries.

McCauley appeals.

We may affirm an order granting summary judg-

---

[1](Emphasis added.)

ment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[2] All facts and reasonable inferences must be considered in the light most favorable to the nonmoving party.[3] The interpretation of an insurance policy is a question of law, which we review de novo.[4] In construing insurance policy language, the policy should be given a fair, reasonable, and sensible construction.[5] Exclusionary clauses are narrowly construed for the purpose of providing maximum coverage for the insured.[6]

■ There are no material issues of fact here, and McCauley properly concedes in the opening brief on appeal that there is no coverage under the policy if the injury arose from either the use or unloading of the ATV. Thus, we are faced solely with the legal question of whether either policy exclusion—"use" or "unloading"—applies.

We start our analysis by observing that McCauley conceded below that the term "unloading" means removal of the rifle from the ATV. In his motion for summary judgment, McCauley states that "[i]t is undisputed the gunshot occurred while a recreational vehicle was being *unloaded*."[7] Only later in a footnote in a reply brief does he assert that the clause is ambiguous and advance an alternative construction. He theorizes that the clause also means unloading the ATV from another vehicle. Based on that premise, he contends that the clause is ambiguous and must therefore be interpreted in his favor as an insured.

Country Mutual correctly points out that McCauley fails

---

[2]CR 56(c); *Hutchins v. 1001 Fourth Ave. Assocs.*, 116 Wn.2d 217, 220, 802 P.2d 1360 (1991).

[3]*Hansen v. Friend*, 118 Wn.2d 476, 485, 824 P.2d 483 (1992).

[4]*Public Util. Dist. No. 1 v. International Ins. Co.*, 124 Wn.2d 789, 797, 881 P.2d 1020 (1994).

[5]*Roller v. Stonewall Ins. Co.*, 115 Wn.2d 679, 682, 801 P.2d 207 (1990).

[6]*McDonald Indus., Inc. v. Rollins Leasing Corp.*, 95 Wn.2d 909, 914-15, 631 P.2d 947 (1981) (quoting 12 GEORGE J. COUCH, CYCLOPEDIA OF INSURANCE LAW § 45:125 (2d ed. 1964)).

[7](Emphasis added.)

to cite any authority supporting a different construction of the term "unloading" than what he initially conceded below. It also correctly points out that Washington cases discussing the subject uniformly construe the clause to refer to what happened here—the removal of an object from a vehicle.

Although Country Mutual does not advance the argument, we conclude that McCauley's alternative construction is improbable for another reason. Here, the parties specifically contracted for insurance coverage for recreational vehicles while on the insured's property. The policy specifically requires payment of an additional premium if the vehicle was off the insured's property.[8] If the parties contemplated that the ATV was to be principally used on the insured's property in order to be covered by insurance, we believe that it is unlikely that "unloading" would refer to unloading from another vehicle. It is much more likely that the ATV would have been moved about the insured's property on its own power, not by being loaded on or unloaded from another vehicle for movement.

For these reasons, we reject McCauley's alternative construction that he advances in support of his ambiguity argument. The construction that comports best with a fair, sensible, and reasonable reading of the policy is that "unloading" applies to what happened here—the removal of a loaded rifle from the ATV.

Although McCauley argues that the clause "arising from the . . . unloading" of a vehicle has been declared ambiguous, that is of no help to him on the facts before us. Our Supreme Court has recognized that there is a split of authority on whether the clause extends coverage to include the time when goods are at rest or until there is a completed operation. In *McDonald*, the insured had rented

---

[8]The policy states:

"For additional premium, coverage is provided to an insured for the recreational motor vehicle . . . while off the insured location for Liability, Coverage A[,] and Medical Payments, Coverage B."

a truck to haul a heavy steel crane.[9] Because the load had been improperly secured to the trailer, it broke free while the truck was on the road and injured occupants in two vehicles. The insurer relied on a "loading and unloading" exclusion clause to deny coverage, arguing that the accident "arose from" the insured's earlier negligent loading of the steel crane onto the trailer. The Supreme Court rejected the insurer's position and held that "loading and unloading" is used to cover liability arising during the "process" or "operation" of loading or unloading from a stationary vehicle.[10] That is the case here.

Although McCauley cites *Fiscus Motor Freight, Inc. v. Universal Sec. Ins. Co.*[11] and *Transamerica Ins. Group v. United Pac. Ins. Co.*[12] in support of his position, they are in conformity with our reading of the clause here. In *Fiscus*,[13] the claimant was helping to unload fertilizer from an insured truck into an open pit. As he returned to work after a break, he fell into the pit and injured his leg. Relying on *McDonald*, the court held that the injuries arose from the process of unloading the truck and the "unloading was at least one cause of the accident, and clearly 'contributed in some way to produce the injury'."[14] In *Transamerica*,[15] the insurer claimed that its "unloading" exclusion clause barred coverage of injuries sustained when a rifle discharged as a passenger removed it from a truck's gun rack. The Supreme Court held that the exclusion did not apply because the passenger was not engaged in the "unloading process" but was merely repositioning the rifle in the truck for possible use if he saw an elk.[16]

---

[9]*McDonald Indus., Inc. v. Rollins Leasing Corp.*, 95 Wn.2d 909, 910, 631 P.2d 947 (1981).

[10]*McDonald*, 95 Wn.2d at 914.

[11]53 Wn. App 777, 770 P.2d 679, *review denied*, 113 Wn.2d 1003 (1989).

[12]92 Wn.2d 21, 593 P.2d 156 (1979), *overruled on other grounds by State v. Olson*, 126 Wn.2d 315, 893 P.2d 629 (1995).

[13]*Fiscus*, 53 Wn. App. at 778-79.

[14]*Fiscus*, 53 Wn. App at 784.

[15]92 Wn.2d at 23-25.

[16]*Transamerica*, 92 Wn.2d at 25.

McCauley cannot seriously argue that the injury here did not arise out of the unloading of the vehicle. In *Transamerica*, the court held that the phrase requires only a causal connection, not proximate cause.[17] The facts of this case clearly establish that there was a causal connection between the unloading and the injury that resulted from the discharge of the gun.

In sum, the unloading exclusion of the policy applies. There is no insurance coverage for the injury.

Because the unloading exclusion applies, we need not reach the arguments on the use exclusion.

We affirm the order granting summary judgment.

AGID, A.C.J., and GROSSE, J., concur.

Review denied at 139 Wn.2d 1004 (1999).