10 P.3d 440 (2000)
103 Wash.App. 52
MUTUAL OF ENUMCLAW INSURANCE COMPANY, Respondents,
v.
Kirk CROSS and Kimberly Cross, Defendants,
Casey Dalton and James Hines, Appellants.
No. 46038-2-I.
Court of Appeals of Washington, Division 1.
September 18, 2000.
Publication Ordered October 6, 2000.
Michael Schein, Ron Perey, Seattle, for Appellants.
Harold Field, Theodore Bryant, Seattle, for Respondents.
Kimberly C. Berry, Pro se.
APPELWICK, J.
Mutual of Enumclaw Insurance Company (MOE) brought a declaratory action against the insured claiming that a homeowners insurance policy exclusion for the intentional acts of "an insured" precluded coverage. Insured wife argued that the policy severability clause establishes separate coverage for her, despite the policy's exclusion for the intentional acts of the insured husband. The trial *441 court granted MOE's summary judgment motion, finding that the intentional acts of "an insured" was unambiguous and excluded coverage for all insureds. We hold that a severability clause does not make an unambiguous policy exclusion ambiguous. We affirm.

FACTS
On April 14, 1994, Dirk Dalton was voluntarily placed in the temporary foster care of Kirk and Kimberly Cross. Kimberly Cross took the four-year-old boy to the hospital four times in the next two weeks. Dalton was treated for severe bruises, cuts and a head injury. On May 1, 1994, Kimberly Cross went to church, leaving Dalton in the care of Kirk Cross. An emergency medical team (EMT) responded to a call from Kirk Cross and found Dalton dead. The physicians who attempted to revive him noted that there were unexplained bruises covering Dalton's body and head and numerous other secondary findings of trauma.
On December 2, 1994, a jury convicted Kirk Cross of homicide by abuse for the death of Dalton. Kimberly Cross was charged with rendering criminal assistance, but the charge was dropped. She was never convicted of any crime. The Crosses were named insureds under a Mutual of Enumclaw Insurance Company (MOE) homeowners insurance policy. On April 25, 1997, Casey Dalton, Dirk's biological mother, brought an action for damages against Kimberly Cross. Casey Dalton alleged that Kimberly Cross "failed to protect Dirk Dalton from the abuse he sustained from her former husband, Kirk Cross, and failed to notify Child Protective Services of her concern for Dirk Dalton's welfare, and possible physical abuse."
On August 4, 1998, MOE brought a declaratory action in the King County Superior Court against the Crosses asking for a judgment that MOE was not obligated to indemnify or defend the Crosses, Casey Dalton or James Hines, Dalton's biological father (the defendants). A default judgment was entered against Kirk Cross.
On March 26, 1999, MOE moved for summary judgment based on the policy intentional acts exclusion. The court granted the motion on July 16, 1999. The parties then filed a statement of grounds for direct review to the Washington Supreme Court. That petition was rejected and this appeal followed.

ANALYSIS
Standard of Review
In reviewing a summary judgment order, the Court of Appeals engages in the same inquiry as the trial court, evaluating the matter de novo. Kruse v. Hemp, 121 Wash.2d 715, 722, 853 P.2d 1373 (1993). The appellate court considers the facts submitted and all reasonable inferences from those facts in the light most favorable to the nonmoving party. Wilson v. Steinbach, 98 Wash.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is proper if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. CR 56(c); Kruse, 121 Wash.2d at 722, 853 P.2d 1373.
The issue here is whether the MOE homeowners insurance policy provides coverage given the intentional acts exclusion in the policy. The defendants contend that the MOE homeowners policy provides coverage in the underlying action.[1] They argue that the policy exclusion for the intentional acts of "an insured" does not preclude coverage because the severability clause in the policy establishes coverage to Kimberly Cross, or at least makes the contract ambiguous and unenforceable.
The pertinent contract language in the MOE homeowners policy reads:
SECTION IIEXCLUSIONS
1. Coverage E Personal Liability and Coverage F Medical Payments to Others do not apply to bodily injury or property damage:
a. which is expected or intended by the insured;
...

*442 HOMEOWNERS AMENDATORY ENDORSEMENT
Section IIExclusions
Exclusion 1a. is replaced by:
a. which is expected or intended by an insured;
...
SECTION IICONDITIONS
1. Severability of Insurance. This insurance applies separately to each insured. This condition will not increase our limit of liability for any one occurrence.
We must determine whether the policy exclusion of intentional acts by "an insured" makes coverage contingent upon the actions of any one insured, i.e., whether the intentional acts of one insured precludes coverage for all insureds. In Farmers Ins. Co. of Washington v. Hembree, 54 Wash.App. 195, 200-01, 773 P.2d 105 (1989), the Court of Appeals examined an exclusion based on the intentional acts of "an insured" and held that this language excludes coverage for all insureds when the intentional acts of an insured gave rise to the injury or damage. Here, the intentional acts of Kirk Cross, "an insured," invoke the policy exclusion, and, standing alone, preclude coverage for Kimberly Cross.
The defendants, however, contend that the policy exclusion should not stand alone. They claim that the severability clause effectively creates separate contracts for each insured and that by reading the policy exclusion and the severability clause together, the contract is ambiguous and summary judgment dismissal is inappropriate.
In Caroff v. Farmers Ins. Co. of Washington, 98 Wash.App. 565, 989 P.2d 1233 (1999), this court decided a case with substantially similar facts. In that case, Kris Trenouth, the teenage son of Roland and Bonnie Trenouth, sexually molested Arthur Caroff, the three-year-old son of Robert and Maria Caroff, and pled guilty to indecent liberties. The Caroffs brought a negligence action against the Trenouths. The Trenouths sought defense from the Farmers Insurance Company (Farmers) with which they held a homeowners insurance and umbrella policy. Farmers refused to tender a defense of the Trenouths, based on the policy exclusions for intentional acts and child molestation by "an insured" and "any insured." Caroff, 98 Wash.App. at 567, 989 P.2d 1233.[2]
The trial court granted Farmers' cross motion for summary judgment. On appeal, the Caroffs made the same argument that the defendants do here: "that the severability clauses are in tension with the exclusions because the exclusions bar coverage for all insureds based on the acts of any one insured, contradicting the principle that there is separate coverage for each insured." Caroff, 98 Wash.App. at 570, 989 P.2d 1233. The court affirmed the trial court's ruling that the "Farmers policies' child molestation exclusions preclude coverage and the general language of the severability clauses does not render the exclusions ambiguous." Caroff, 98 Wash.App. at 571-72, 989 P.2d 1233.
The court, however, did not reach the issue of the effect of severability clauses on the intentional acts exclusions in Farmers' policies. The court noted that it did not "adopt a sweeping rule that specific exclusions always prevail over general language in an insurance contract." Caroff, 98 Wash.App. at 573, 989 P.2d 1233. Caroff, therefore, is not directly controlling.
The defendants distinguish Caroff by differentiating the language found in the exclusions. They claim that the language in that case is more comprehensive and specific.
Courts interpret insurance contracts as an average insurance purchaser would understand them and give undefined terms their plain, ordinary, and popular meaning. Daley v. Allstate Ins. Co., 135 Wash.2d 777, 784, 958 P.2d 990 (1998). If the language in an insurance contract is clear and unambiguous, the court must enforce it *443 as written and may not modify the contract or create an ambiguity where none exists. State Farm Mut. Auto. Ins. Co. v. Ruiz, 134 Wash.2d 713, 721, 952 P.2d 157 (1998). If a policy provision is ambiguous, the interpretation most favorable to the insured applies. Daley, 135 Wash.2d at 784, 958 P.2d 990. A provision is ambiguous if, on its face, it is fairly susceptible to more than one reasonable interpretation. Daley, 135 Wash.2d at 784, 958 P.2d 990.
Here, the coverage exclusion is not susceptible to more than one interpretation. As amended, Section II excludes coverage of "bodily injury or property damage: a. which is expected or intended by an insured." The defendants assert that Section II could be more specifically written, but they do not identify any alternative interpretation of the language. When the terms are given their plain and ordinary meaning, the language excluding coverage for "bodily injury" that is "intended by an insured" is not ambiguous and subject to more than one interpretation. Even viewing the facts in the light most favorable to the defendants, we cannot say the policy is ambiguous.
The defendants also rely on Federated American Ins. Co. v. Strong, 102 Wash.2d 665, 689 P.2d 68 (1984). In Strong, the Washington Supreme Court determined whether Strong's insurance policy provided him with liability and collision coverage with respect to an automobile collision intentionally caused by his insured wife. The policy contained an exclusionary clause for damage "caused intentionally by or at the direction of the insured." Strong, 102 Wash.2d at 668, 689 P.2d 68. The policy also contained a severability clause similar to the one found in the MOE homeowners policy. The court held that the severability clause provided that "liability coverage applies separately to each insured. It follows that FAIC cannot deny coverage to one separate insured [the husband], based upon the intentional acts of another insured, [the wife]." Strong, 102 Wash.2d at 670, 689 P.2d 68.
Strong is inapposite because coverage and exclusion in that case were defined in terms of "the insured." That language is significantly different from "an insured." An exclusion for "an insured" "is not restricted to intentional acts of the particular insured sought to be held liable, but broadly excludes coverage for all intentionally caused injury or damage by an insured, which includes anyone insured under the policy." Hembree, 54 Wash.App. at 200, 773 P.2d 105.
Courts in other jurisdictions have considered the effect of a severability clause on an unambiguous exclusion and reached different conclusions. Some of these courts have determined that an unambiguous exclusion prevails over the severability clause. In Taryn E.F. by Grunewald v. Joshua M.C., 178 Wis.2d 719, 505 N.W.2d 418, 421 (Wis.Ct. App.1993), the court held that an unambiguous exclusion prevails and applies notwithstanding a severability clause. In that case, the parents of a three-year-old girl who was sexually assaulted by a twelve-year-old boy filed a complaint against the boy's parents. The Wisconsin Court of Appeals concluded that an exclusionary clause for intentional acts by "any insured"[3] "unambiguously operates to preclude coverage to all insureds for liability attributable to the excludable acts of any one of the insureds" regardless of the severability clause. Taryn, 178 Wis.2d at 725, 505 N.W.2d 418. Another court distinguished between the specific nature of an exclusion for injury from sexual molestation and the more general severability provision:
[A] provision such as the exclusion dealing specifically with sexual molestation of children prevails over the more general severability clause. Moreover, "[t]he purpose of severability clauses is to spread protection, to the limits of coverage, among all of the ... insureds. The purpose is not to negate bargained-for exclusions which are plainly worded."

Northwest G.F. Mut. Ins. Co. v. Norgard, 518 N.W.2d 179, 183 (N.D.1994) (quoting National Ins., Etc. v. Lexington Flying Club, 603 S.W.2d 490, 492 (Ky.App.1979)). Another court considered an exclusion for bodily injury or property damage "arising out of business pursuits of any insured ... by an *444 insured" and held that a severability clause does not negate an exclusion clause that is unambiguous on its face:
Because an insurance contract is an agreement between parties that should be interpreted in a manner consistent with the expressions therein, the policy before us unambiguously expresses an intention to deny coverage to all insureds when damage is the result of a business pursuit. The purpose of the severability clause is not to negate the plainly worded meaning of the business exclusion clause.
American Family Mut. Ins. Co. v. Moore, 912 S.W.2d 531, 534-35 (Mo.Ct.App.1995).
A Missouri court found the reasoning of the above three cases persuasive and concluded that "use of the phrase `any insured' makes the exclusionary clause unambiguous even in light of the severability clause." American Family Mut. Ins. Co. v. Copeland-Williams, 941 S.W.2d 625, 629-30 (Mo. Ct.App.1997). The same court later extended this holding to an exclusion using the term "an insured." American Motorists Ins. Co. v. Moore, 970 S.W.2d 876, 880-81 (Mo.Ct. App.1998). Similarly, the Supreme Court of Colorado held that an exclusion for "bodily injury or property damage ... expected or intended by any insured" precluded coverage despite a severability clause because the exclusion "clearly and unambiguously expresses an intention to deny coverage to all insureds when damage is intended or expected as a result of the actions of any insured." Chacon v. American Family Mut. Ins. Co., 788 P.2d 748, 752 (Colo.1990). Another court concluded simply that "[a]n unambigous exclusion is not negated by a severability clause." Johnson v. Allstate Ins. Co., 687 A.2d 642, 645 (Me.1997).
Some courts have determined that a severability clause requires that an exclusion for certain acts by "an" or "any" insured be applied only to the person for whom coverage is sought so that an insured who did not engage in the excluded activity will receive coverage. The Massachusetts Supreme Court determined that a severability clause required that "any insured" in an exclusion be read as simply the term "insured" and that the exclusion refers only to the person claiming coverage under the policy. Worcester Mut. Ins. Co. v. Marnell, 398 Mass. 240, 496 N.E.2d 158,161 (Mass.1986). Accordingly, coverage extends to insureds who did not commit the excluded acts. Marnell, 496 N.E.2d at 161. The court noted that its decision makes the word "any" superfluous but defended its decision by citing the rule that a reasonable meaning should be given to all provisions of a contract. Marnell, 496 N.E.2d at 161.[4]
Other courts have determined that a severability clause renders an otherwise unambiguous exclusion ambiguous. One court determined that an exclusion for intentional property damage by "an insured" person was ambiguous in light of the severability clause because "the severability clause creates a reasonable expectation that each insured's interests are separately covered, while the exclusion clause attempts to exclude coverage for both [insureds] caused by the act of only one." Northwestern Nat'l Ins. Co. v. Nemetz, 135 Wis.2d 245, 400 N.W.2d 33, 38 (Wis.Ct.App.1986). Because the court was required to resolve ambiguities in favor of the insured, the court found that there was coverage for the spouse of a man who intentionally committed property damage and refused to "release an insurer from a risk that may have been excluded through more careful contract drafting." Nemetz, 400 N.W.2d at 38.[5]
In Caroff, the court found unpersuasive the cases holding that a severability clause limits an exclusion for certain acts by "an" or "any" insured to the person who did the excluded act. Caroff, 98 Wash.App. at 573, 989 P.2d 1233. Although the Caroff court did not reach the issue of the effect of severability clauses on intentional acts exclusions, it did recognize "that other courts have reached commensurate results in evaluating other kinds of exclusions deemed unambiguous." Caroff, 98 Wash.App. at 574 n. 26, 989 *445 P.2d 1233 (citations omitted). We agree with the cases that have held that clear and specific language in an exclusion prevails over a severability clause, i.e., that an exclusion is not negated by or rendered ambiguous by a severability clause. We hold that the MOE policy exclusion bars coverage for all insureds based on the intentional actions of any one insured.
Furthermore, as a matter of law, the MOE homeowners policy's exclusion of coverage for intentional acts by "an insured" is unambiguous. It is a reasonable stretch of the holding in Caroff to find that the effect of a severability clause on an intentional acts exclusion does not negate the exclusion or create an ambiguity. The facts presented do not create a genuine issue of material fact. We affirm the summary judgment.
AGID, C.J., and COX, J., concur.
NOTES
[1] The parties do not dispute that Kimberly and Kirk Cross are both "insureds" under the MOE homeowners policy.
[2] The homeowners policy's child molestation and intentional act exclusion reads: "We do not cover actual or alleged injury or medical expenses caused by or arising out of the actual, alleged, or threatened molestation of a child by: 1. any insured...." "We do not cover bodily injury or property damage: ... a. caused intentionally by or at the direction of an insured...." The umbrella policy was substantially similar.
[3] The phrase "any insured" in an exclusionary clause is even more specific than "an insured," and the same rules apply. Caroff, 98 Wash.App. at 570, 989 P.2d 1233.
[4] See also Litz v. State Farm Fire and Cas Co., 346 Md. 217, 695 A.2d 566, 572 (Md.1997).
[5] See also Catholic Diocese of Dodge City v. Raymer, 251 Kan. 689, 698-99, 840 P.2d 456, 462 (Kan.1992).